IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:16-CR-0209** |
| | : | |
| v. | : | |
| | : | |
| **ANDREW MANGANAS and** | : | |
| **PANTHERA PAINTING, INC.** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Defendants were indicted on forty-six counts including embezzlement, submitting false payroll statements, fraud, and violations of the Clean Water Act related to a subcontract for the George Wade Bridge project. Presently before the court is Defendants' motion to dismiss the counts involving the Clean Water Act in the Indictment for violating the rule of duplicity, or, alternatively, for failing to allege the *mens rea* requirement. For the reasons stated herein, Defendants' motion to dismiss will be denied.

## I. Background

### A. Facts

The Indictment sets forth charges stemming from Defendants' work on the George Wade Bridge Project ("the Project") between October 2010 and September 2013. (Doc. 1.) The George Wade Bridge carries Interstate 81 across the Susquehanna River and spans Cumberland and Dauphin Counties. (*Id.* ¶ 6.) J.D. Eckman, the prime contractor on the Project, awarded Panthera Painting, Inc.

("Panthera") a subcontract for blasting, resurfacing, and repainting of the structural steel on the George Wade Bridge. (*Id.* ¶ 8.) Andrew Manganas ("Manganas") was the President, Vice-President, Secretary, and Treasurer of Panthera. (*Id.* ¶ 1.) According to the Indictment, Defendants embezzled more than $400,000.00 that should have been paid into several employee welfare benefit plans over the course of the contract, which is the basis for Count 1 of the Indictment. (*Id.* ¶ 20.) The Indictment further alleges that Defendants filed twenty-one false Certified Payroll Reports with the United States Department of Transportation in order to accomplish the embezzlement scheme, providing the foundation for Counts 2 through 22. (*Id.* ¶ 22.) Defendants also purportedly received payments based on fraudulent billing by means of wire transmissions in interstate commerce, forming the basis for Counts 23 through 43 of the Indictment. (*Id.* ¶ 24.) Lastly, the Indictment alleges that Defendants knowingly discharged various pollutants that were by-products of their blasting and painting operations on the Project into the Susquehanna River, a United States water, without a National Pollution Discharge Elimination System ("NPDES") permit as required by the Clean Water Act ("CWA"). (*Id.* ¶¶ 26-38.) Without a NPDES permit, Defendants should have contained, collected, and disposed of all pollutants resulting from their work on the Project. (*Id.*) These allegations comprise the basis for Counts 44 through 46 of the Indictment. (*Id.* ¶ 38.)

### B. Procedural History

Following the grand jury's return of the Indictment on July 27, 2016, Defendants pleaded not guilty to all charges and Manganas was released on personal recognizance on August 23, 2016. (Docs. 11 & 14.)

Defendants filed a motion to dismiss Counts 44 through 46 on February 14, 2017 (Doc. 19), followed by a brief in support thereof on February 28, 2017 (Doc. 21).[1] The Government filed its opposition on March 28, 2017 (Doc. 25), and Defendants replied on April 25, 2017 (Doc. 31). Accordingly, the motion to dismiss has been fully briefed and is ripe for disposition.

## II. Legal Standard

"An indictment is an accusation only, and its purpose is to identify the defendant's alleged offense . . . and fully inform the accused of the nature of the charges so as to enable him to prepare any defense he might have." *United States v. Stansfield*, 171 F.3d 806, 812 (3d Cir. 1999) (quotations and citations omitted). A defendant, however, may move to dismiss an indictment based on defects in the indictment, lack of jurisdiction, or failure to charge an offense. *See* Fed. R. Crim. P. 12(b)(2), (3)(B).

An indictment is sufficient "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge [against him,] and,

---

[1] Defendants also filed a motion to sever Counts 44 through 46 (Doc. 18), which is discussed in a separate memorandum.

3

second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *accord United States v. Cefaratti*, 221 F.3d 502, 507 (3d Cir. 2000) ("An indictment . . . to be sufficient must contain all essential elements of the charged offense."). However, an indictment "fails to state an offense if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002). In other words, the facts in the indictment must satisfy the elements of the underlying criminal statute. *Id.* at 684.

Finally, "[i]n considering a defense motion to dismiss an indictment, the district court [must] accept[ ] as true the factual allegations set forth in the indictment." *United States v. Bergrin*, 650 F.3d 257, 265 (3d Cir. 2011) (quoting *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990)) (alterations in original). If the allegations in the indictment do not suffice to state an offense, Rule 12(b)(3)(B) authorizes dismissal; however, "dismissal[ ] may not be predicated upon the insufficiency of the evidence to prove the indictment's charges." *United States v. DeLaurentis*, 230 F.3d 659, 660-61 (3d Cir. 2000) ("Unless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence.").

## III. Discussion

Defendants have moved to dismiss Counts 44 through 46 of the Indictment alleging violations of the CWA (hereinafter "CWA counts") on two bases: (1) that the CWA counts are duplicative because they do not comport with the statutory unit of prosecution; and (2) that the Indictment fails to state an offense because it lacks the *mens rea* requirement applicable to each element of a "knowing" violation of the CWA. (*See* Doc. 21.) The Government argues in opposition that the CWA counts are not duplicative and that the Indictment properly states the CWA offense under Federal Rule of Criminal Procedure 7(c). (*See* Doc. 25.) The court will address Defendants' arguments in turn.

### A. Duplicity

The CWA counts charge Defendants with knowingly discharging pollutants[2] into the Susquehanna River, a navigable water of the United States, without a CWA NPDES permit during three specific time frames: (1) from on or about July 27, 2011 until about November 2011 (Count 44); (2) from about April 2012 until about November 2012 (Count 45); and (3) from about April 2013 until about August 2013 (Count 46). (Doc. 1, ¶ 38.) Defendants argue that the CWA counts should be dismissed pursuant to Federal Rule of Criminal Procedure 8(a), which prohibits duplicity in charging distinct and separate offenses in a single

---

[2] In particular, Defendants are charged with discharging paint blasting abrasive materials, paint waste, and metal from point sources, including blasting equipment, shovels, air hoses, tarps, and metal pans. (Doc. 1, ¶ 38.)

5

count. (Doc. 21, pp. 4-7.) Specifically, Defendants assert that they cannot prepare an adequate defense because the Government indicted Defendants with discharging pollutants without a permit on unspecified dates in fifteen different months. (*Id.* at 6-7.)

Rule 8(a) provides that an indictment, "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Duplicity is "the improper joining of distinct and separate offenses in a single count." *United States v. Haddy*, 134 F.3d 542, 548 (3d Cir. 1998) (citing *United States v. Starks*, 515 F.2d 112, 116 (3d Cir. 1975)). Duplicitous counts could conceal the specific charges, prevent the jury from reaching a verdict regarding a particular offense, or "exploit the risk of prejudicial evidentiary rulings." *Id.* (citing *Starks*, 515 F.2d at 116-17.) Thus, in order to determine if the CWA counts are properly charged in the Indictment, the court must determine the allowable unit of prosecution pursuant to the CWA. *Id.*; *United States v. Moyer*, 674 F.3d 192, 204 (3d Cir. 2012). This is ascertained by determining the congressional intent, starting with the language of the statute. *Moyer*, 674 F.3d at 204 (citing *United States v. Root*, 585 F.3d 145, 150 (3d Cir. 2009)).

Section 1319(c)(2) of the CWA criminalizes knowingly discharging pollutants without a permit into a water of the United States. 33 U.S.C. § 1319(c)(2). Those who knowingly commit this violation "shall be punished by a fine of not less than $5,000 nor more than $50,000 *per day of violation*, or by imprisonment for not more than 3 years, or by both." *Id.* (emphasis added). Defendants argue that this "per day of violation" language of the penalty provision makes the allowable unit of prosecution one day; therefore, each count must specify one particular day.

Few courts have addressed whether this "per day of violation" language is an element of the CWA offense or intended as a sentencing factor. Defendants urge the court to follow *United States v. Oxford Royal Mushroom Products, Inc.*, 487 F. Supp. 852 (E.D. Pa. 1980), while the Government argues that the Seventh Circuit's reasoning in *Unites States v. Chemetco, Inc.*, 274 F.3d 1154 (7th Cir. 2001), is correct. In *Oxford Royal Mushroom Products*, the court denied a motion to dismiss due to multiplicity, which precludes the government from charging a single offense in multiple counts. *Oxford Royal Mushroom Prods.*, 487 F. Supp. at 856. Defendants assert that the court held that each day of violation should be charged as a separate offense. As the Seventh Circuit pointed out in *Chemetco*, however, the court simply held that each CWA count required proof of facts that the other counts did not and *could* be charged separately—not that the counts *must*

7

be charged separately. *Id.* Thus, Defendants reliance on *Oxford Royal Mushroom Products* is misplaced.

The *Chemetco* court examined the "per day of violation" language to determine whether Congress intended the number of violation days to be a sentencing factor or an element of the CWA offense and, after review of the language in § 1319(c)(2), held that the "per day of violation" language qualifies the term of punishment, stating:

> This language indicates that there is a "violation" that is defined elsewhere in the CWA, and that the punishment one receives for this violation depends on the number of days that the violation occurred. Thus, the number of days that the violation occurred is a factor to be determined after a "violation" has been established. Therefore, the plain meaning of Section [1319(c)(2)'s] language expresses Congress's unambiguous intent.

*Id.* Furthermore, the Seventh Circuit held that the unambiguous language is consistent with the CWA's overall statutory scheme. *Id.* at 1159.

The court agrees with the Seventh Circuit's reasoning in *Chemetco* in that the language of the CWA is unambiguous: the "per day of violation" language refers to the term of punishment. The CWA does not require that each day of violation be charged as a separate offense. *See United States v. Lippold*, Crim. No. 06-cr-30002, 2006 WL 1554262, *1 (C.D. Ill. June 2, 2006) (applying *Chemetco* and denying defendant's motion to dismiss the CWA counts as duplicitous).

Accordingly, the court finds that the CWA counts charged in the Indictment against Defendants are not duplicitous and will not be dismissed.

## B. <u>Sufficiency of the Indictment</u>

Defendants argue that the Indictment fails to allege the *mens rea* required for a "knowing" violation as to each element of the CWA and, therefore, fails to state an offense under § 1319(c)(2)(A) of the CWA. (Doc. 21, pp. 8-15.) The Government maintains that the Indictment meets the requirements of Federal Rule of Criminal Procedure 7(c), tracks the language of the CWA, and comports with case law regarding the *mens rea* requirement for § 1319(c)(2)(A). (Doc. 25, p. 25 of 33.)

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The "Federal Rules 'were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure.'" *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007) (quoting *United States v. Debrow*, 346 U.S. 374, 376 (1953)).

An indictment is "facially sufficient if it '(1) contains the elements of the offense intended to be charged, (2) sufficiently appraises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to

9

what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.'" *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (quoting *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007)). "[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (quoting *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)). Generally, in order to satisfy these requirements, an indictment must: (1) inform the defendant of the statute he or she is charged with violating; (2) list the statutory elements of a violation; and (3) specify the time period the violation occurred. *Huet*, 665 F.3d at 595; *see also United States v. McCarty*, 862 F.2d 143, 144, 148 (7th Cir. 1988) (holding indictment that tracked statutory language sufficient).

Here, the Indictment charges three counts pursuant to the CWA, specifically under § 1319(c)(2)(A). (Doc. 1, ¶ 38.) Section 1319(c)(2) makes it a felony to knowing violate § 1311, among other sections, of the CWA. 33 U.S.C. § 1319(c)(2). Section 1311 requires a person to obtain a NPDES permit in order to legally discharge pollutants from a point source into a water of the United States. *Id.* § 1311. Paragraph 38 of the Indictment tracks the language of the CWA by alleging that Defendants "knowingly discharged pollutants" from point sources

10

into the Susquehanna River, a navigable water of the United States, without a NPDES permit. (Doc. 1 ¶ 38.) The Indictment also identifies the type of pollutants discharged, point sources, and date ranges of the discharging activity. (*Id.*)

The court is satisfied that the Indictment sufficiently charges the CWA counts. The Indictment clearly identifies the statute Defendants are charged with violating, provides the elements of the offense by tracking the statutory language, alleges that Defendants acted "knowingly," and specifies a time period for each CWA count. (*Id.*) Nonetheless, Defendants urge the court to require that the Government allege *mens rea* for each statutory element of the CWA in the Indictment. Whether "knowingly" applies to each element or only specific elements of § 1319(c)(2) is a question to be determined at a later juncture, not in a pretrial motion to dismiss. Thus, the court finds that the CWA counts are sufficiently alleged in the Indictment and will not be dismissed.

**IV. Conclusion**

For the reasons stated herein, the court will deny Defendants' motion to dismiss Counts 44 through 46 of the Indictment. An appropriate order will issue.

s/Sylvia Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: June 13, 2017