IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:16-cr-0209** |
| | : | |
| v. | : | |
| | : | |
| **ANDREW MANGANAS and** | : | |
| **PANTHERA PAINTING, INC.** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Defendants were indicted on forty-six counts including embezzlement, submitting false payroll statements, fraud, and violations of the Clean Water Act related to a subcontract for the George Wade Bridge project. Presently before the court is Defendants' motion to sever Counts 44 through 46 in the Indictment for violations of the Clean Water Act. For the reasons stated herein, Defendants' motion will be denied.

**I.   Background**

   **A.   Facts**

The Indictment sets forth charges stemming from Defendants' work on the George Wade Bridge Project ("the Project") between October 2010 and September 2013. (Doc. 1.) The George Wade Bridge carries Interstate 81 across the Susquehanna River and spans Cumberland and Dauphin Counties. (*Id.* ¶ 6.) J.D. Eckman, the prime contractor on the Project, awarded Panthera Painting, Inc. ("Panthera") a subcontract for blasting, resurfacing, and repainting of the structural

steel on the George Wade Bridge. (*Id.* ¶ 8.) Andrew Manganas ("Manganas") was the President, Vice-President, Secretary, and Treasurer of Panthera. (*Id.* ¶ 1.) According to the Indictment, Defendants embezzled more than $400,000.00 that should have been paid into several employee welfare benefit plans over the course of the contract, which is the basis for Count 1 of the Indictment. (*Id.* ¶ 20.) The Indictment further alleges that Defendants filed twenty-one false Certified Payroll Reports with the United States Department of Transportation in order to accomplish the embezzlement scheme, providing the foundation for Counts 2 through 22. (*Id.* ¶ 22.) Defendants also purportedly received payments based on fraudulent billing by means of wire transmissions in interstate commerce, forming the basis for Counts 23 through 43 of the Indictment. (*Id.* ¶ 24.) Lastly, the Indictment alleges that Defendants knowingly discharged various pollutants that were by-products of their blasting and painting operations on the Project into the Susquehanna River, a United States water, without a National Pollution Discharge Elimination System ("NPDES") permit as required by the Clean Water Act ("CWA"). (*Id.* ¶¶ 26-38.) Without a NPDES permit, Defendants were required to contain, collect, and dispose of all pollutants resulting from their work on the Project. (*Id.*) These allegations comprise the basis for Counts 44 through 46 of the Indictment. (*Id.* ¶ 38.)

### B. Procedural History

Following the grand jury's return of the Indictment on July 27, 2016, Defendants pleaded not guilty to all charges and Manganas was released on personal recognizance on August 23, 2016. (Docs. 11 & 14.)

Defendants filed a motion to sever Counts 44 through 46 on February 14, 2017 (Doc. 18), followed by a brief in support thereof on February 28, 2017 (Doc. 20).[1] The Government filed its opposition on March 28, 2017 (Doc. 24), and Defendants replied on April 25, 2017 (Doc. 30). Accordingly, the motion to sever has been fully briefed and is ripe for disposition.

### III. Discussion

Defendants have moved to sever Counts 44 through 46 pursuant to the CWA (hereinafter "CWA counts") arguing that the CWA counts are not the same or similar in character, or part of a common scheme or plan, with the other forty-three counts and, thus, were improperly joined under Rule 8(a). Alternatively, Defendants contend that the CWA counts should be severed in accordance with Rule 14 in order to avoid prejudice to Defendants. (*See* Doc. 20.) The Government contends that joinder of the CWA counts was proper because the charges constitute parts of a common plan and there is no actual prejudice to Defendants if the court denies severance. (*See* Doc. 24.)

---

[1] Defendants also filed a motion to dismiss Counts 44 through 46 (Doc. 19), which is discussed in a separate memorandum.

3

## A. Rule 8(a)

Federal Rule of Criminal Procedure 8 permits joinder of offenses against a defendant. Rule 8(a) provides, in relevant part, that:

> The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). Federal Rule of Criminal Procedure 8(a) permits joinder of offenses "when a transactional nexus exists between the offenses . . . to be joined." *United States v. Brown*, Crim. No. 02-cr-0146, 2002 WL 32739530, *2 (M.D. Pa. Dec. 17, 2002) (quoting *United States v. Eufrasio*, 935 F.2d 553, 570 n.20 (3d Cir. 1991)). Usually, the relevant inquiry is whether "the offenses . . . to be joined arise out of a common series of acts or transactions." *Eufrasio*, 935 F.2d at 570 n.20. The burden of establishing the improper joinder rests on the party requesting severance. *United States v. Stevens*, 188 F. Supp. 3d 421, 423 (M.D. Pa. 2016). In determining whether offenses have been misjoined, the court must primarily consider the indictment, but may look beyond it in limited circumstances to clarify the connection between the offenses. *Id.*

The transactional relationship between embezzlement, making false statements on certified payrolls, wire fraud (Counts 1 through 43), and violations of the CWA are not obvious. The only transaction the first forty-three counts have

4

in common with the CWA counts is the Project. This, alone, is not sufficient for a transactional nexus.

However, another basis for joining Counts 1 through 43 with the CWA counts is a showing that "the behavior alleged in the indictment constitutes part of a common scheme or plan." *United States v. Dileo*, 859 F. Supp. 940, 942 (W.D. Pa. 1994). The Government asserts that a defendant's motive may be evidence of commonality of charges. (Doc. 24, p. 5 (citing *Dileo*, 859 F. Supp. at 943).) In terms of motive in this matter, the Government argues that the common scheme or plan stems from "Defendants' plan to profit, to an illegal extent, from their work on the Bridge Project," as well as "abuses of Defendant Manganas' position." (Doc. 24, pp. 5-6.) While motive is a relevant factor in determining commonality, "[d]efining 'common scheme or plan' solely in terms of motive would reduce the defendant's conduct to such a level of generality as to preclude distinctions between the charged offenses." *Dileo*, 859 F. Supp. at 942-43. As the Government points out, a defendant's abuse of his position is also a relevant factor in determining whether offenses are properly joined. *Id.* at 943; *see also United States v. Hutchins*, 751 F.2d 230, 235-36 (8th Cir. 1984) (holding that charges were properly joined under Rule 8(a) because "all of the charges basically stem from [defendant's] use of his position as president of [an insurance agency] to obtain money for himself and his corporation"). In addition to motive and abuse of power,

the Government asserts that it will use many of the same witnesses to prove all counts in the Indictment. (Doc. 24, p. 6.)

Considering Rule 8(a)'s purpose to promote economy of judicial and prosecutorial resources, *United States v. Goreki*, 813 F.2d 40, 42 (3d Cir. 1987), the court is satisfied that Counts 1 through 43 are properly joined with the CWA counts. Specifically, many of the same witnesses will be used by the Government to prove all counts, and all counts contained in the Indictment involve Defendants' work on the Project; Defendants' desire to profit from the Project in an illegal manner; and Defendant Manganas' abuse of his position as President, Vice-President, Secretary, and Treasurer of Defendant Panthera Painting. Thus, the Defendants have not presented sufficient evidence to establish misjoinder.

**B.** <u>**Rule 14**</u>

While Rule 8(a) allows for joinder, Rule 14 specifies:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). A court should sever charges under Federal Rule of Criminal Procedure 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506

U.S. 534, 539 (1993). Defendants seeking severance "bear a 'heavy burden' and must demonstrate not only that the court would abuse its discretion if it denied severance, 'but also that the denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial.'" *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005) (quoting *United States v. Urban*, 404 F.3d 754, 776 (3d Cir. 2005)). Severing counts under Rule 14 is within the sound discretion of the trial judge. *Eufrasio*, 935 F.2d at 568.

Defendants argue that they would be prejudiced if all counts contained in the Indictment were tried together and provide three examples of such prejudice. (Doc. 20, pp. 6-8.) First, Defendant Manganas argues that he may wish to assert his privilege against self-incrimination with respect to one crime but not the others. (*Id.* at 6.) Severance is appropriate only "where the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *United States v. Shaw*, 476 Fed. App'x 970, 972 (3d Cir. 2012) (quoting *United States v. Reicherter*, 647 F.2d 397, 401 (3d Cir. 1981)). This showing requires the defendant to "present enough information regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other to satisfy the court that the claim of prejudice is genuine." *Id.* (quoting *Reicherter*, 674 F.2d at 401). Defendant Manganas does not provide any evidence to convince the court that his

claim of prejudice is genuine regarding his possible testimony, and thus, this argument is unavailing.

Second, Defendants contend that the jury would likely use the evidence against Defendants cumulatively. (Doc. 20, p. 6.) Whether a jury "can reasonably be expected to compartmentalize the evidence, as it relates to each count" is a primary concern in considering a motion to sever. *Shaw*, 476 Fed. App'x at 973. This concern can be easily quelled by providing the jury with an instruction, as it is well-settled that "juries are presumed to follow [the court's] instructions." *Zafiro*, 506 U.S. at 540. As a result, this argument fails.

Lastly, Defendants argue that "the jury may improperly infer a criminal disposition and treat the inference as evidence of guilt." (Doc. 20, p. 6.) Once again, the court can instruct the jury that they may not infer guilt from the number of offenses charged. Accordingly, Defendants have failed to establish the threat of prejudice and the court will deny Defendants motion to sever based on prejudicial joinder under Rule 14.

## IV. Conclusion

For the reasons stated herein, the court will deny Defendants' motion to sever Counts 44 through 46 of the Indictment. An appropriate order will issue.

s/Sylvia Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: June 13, 2017

9